GREGORY L. WILDE, ESQ.
Nevada Bar No. 4417
KEVIN S. SODERSTROM, ESQ.
Nevada Bar No. 10235
**TIFFANY & BOSCO, P.A.**
212 South Jones Blvd.
Las Vegas, Nevada 89107
(702) 258-8200
Attorney for Plaintiff
JPMorgan Chase Bank, National Association
13-76150

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., a national association,<br><br>Plaintiff,<br><br>vs.<br><br>MEI-GSR HOLDINGS, LLC, a Nevada limited liability company; DOES 1 through 10; and ROE BUSINESS ENTITIES 1 through 10, inclusive,<br><br>Defendants. | Case No.: |

## COMPLAINT

COMES NOW Plaintiff JPMorgan Chase Bank, N.A. (hereinafter the "Plaintiff" or "Chase"), by and through its counsel of record, Gregory L. Wilde, Esq. of the law firm of Tiffany & Bosco, P.A., and complains and avers of the Defendants as follows:

**RELEVANT PARTIES AND JURISDICTION**

1. Plaintiff is an entity properly conducting business which holds a note and deed of trust encumbering certain real property located at 2500 E. Second St., #2340, Reno, NV 89595, Assessor's Parcel Number 012-583-12 (hereinafter the "Subject Property") in Washoe County, Nevada.

///

1

2. Plaintiff is a national association whose principal place of business is located in New York, New York.

3. Defendant MEI-GSR Holdings, LLC (hereinafter "MEI-GSR" or the "Defendant") is a Nevada limited liability company whose principal place of business, upon information and belief, is located in Reno, Nevada.

4. Sui Fai Leung and Pearl Tsui (hereinafter collectively the "Borrowers") are not named parties in this matter, were the borrower on the aforementioned debt, were previous owners of the Subject Property, and are detailed herein only for informational purposes.

5. The Defendants DOES 1 through 10 and ROE BUSINESS ENTITIES 1 through 10 set forth herein are persons or business entities currently unknown to Plaintiff who may have a claim to any interest in the subject matter of this action, whose true name(s) is (are) unknown to Plaintiff, and who are believed to be responsible for the events and happenings referred to in this Complaint, causing injuries and damages to Plaintiff, or who are otherwise interested in the subject matter of this Complaint. At such time when the names of said DOES and ROE BUSINESS ENTITIES have been ascertained, Plaintiff will request leave from the court to insert their true names and capacities and adjoin them in this action so that the Complaint will be amended to include the appropriate names of said DOES and ROE BUSINESS ENTITIES. These entities are to be disregarded in a determination of diversity jurisdiction.

6. The amount in controversy far exceeds the diversity jurisdiction requirements in that the value of the Subject Property is well over $75,000.00 and the debt owed to the Plaintiff which is secured by the Subject Property exceeds $209,060.49.

7. Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(1), jurisdiction and venue are properly set in this Court since the parties are citizens of different states, the amount in controversy exceeds $75,000.00, and the Subject Property is located in this district.

## GENERAL ALLEGATIONS

8. On or about October 5, 2007, the Borrowers signed a note and deed of trust, borrowing $209,200.00 against the Subject Property.

9. The deed of trust securing the $209,200.00 loan was recorded with the Washoe County Recorder on October 12, 2007 as Doc. #3584159.

10. Plaintiff is the lender and beneficiary under the $209,200.00 promissory note and corresponding deed of trust.

11. Sometime after signing the note and deed of trust the Borrowers allegedly fell behind in the payment of homeowner assessments causing their homeowners association, upon information and belief, to record a lien against the Subject Property and later initiate foreclosure proceedings.

12. Alessi & Koenig, LLC, as agent for Grand Sierra Resort Unit-Owners' Association, purportedly conducted a foreclosure sale on the Subject Property wherein Defendant MEI-GSR bid $3,530.00 and became the titled owner on August 15, 2013.

13. The Borrowers are in default on their monthly payments owed to the lender on the $209,200.00 loan.

///

///

///

3

14. Plaintiff believes and asserts that Defendant is taking the position that Plaintiff's security interest, namely the deed of trust securing the note, has been abrogated by the homeowners association lien sale.

## FIRST CAUSE OF ACTION

**(Declaratory Relief)**

15. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 14 and incorporates the same as though fully set forth herein.

16. A true and justiciable controversy exists between Plaintiff and Defendants concerning their interests in the Subject Property.

17. Plaintiff's interests are adverse to those of Defendants.

18. Plaintiff's rights, status, and claims in relation to those of Defendants in the Subject Property are affected by multiple statutes and relevant case law regarding real estate and lien priority.

19. This matter is filed, in part, under the Uniform Declaratory Judgment Act.

20. Pursuant to NRS 30.040, Plaintiff is entitled to declaratory relief as to rights, status, and legal relations at issue in this matter in regards to the Subject Property.

21. Plaintiff has found it necessary to employ the undersigned attorney to bring suit. Therefore, pursuant to federal statutes, prevailing case law, and the terms of the note and deed of trust, Plaintiff is entitled to any and all expenses incurred including, without limitation, all attorney's fees and costs of suit.

///

///

///

4

## SECOND CAUSE OF ACTION

### (Quiet Title)

22. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 21 and incorporates the same as though fully set forth herein.

23. Plaintiff seeks an order from this Court, pursuant to NRS 40.010, declaring that the deed of trust securing the $209,200.00 loan continues to encumber the Subject Property as security for the note detailed herein notwithstanding the purported homeowners association sale and that Plaintiff's security interest was not abrogated by the purported homeowners association sale.

24. The claims between Plaintiff and Defendant pertain to real property and are clearly adverse, needing a determination from this Court.

25. Plaintiff has found it necessary to employ the undersigned attorney to bring suit. Therefore, pursuant to federal statutes, prevailing case law, and the terms of the note and deed of trust, Plaintiff is entitled to any and all expenses incurred including, without limitation, all attorney's fees and costs of suit.

WHEREFORE, Plaintiff prays for relief as follows:

1. For a Declaratory Judgment that the security interest recorded with the Clark County Recorder on October 12, 2007 as Doc. #3584159 remains intact and was not extinguished by the purported homeowners association sale on August 15, 2013;

2. For an order quieting title in the name of Defendant subject to the security interest of Plaintiff;

3. For reasonable attorney's fees;

**TIFFANY & BOSCO, P.A.**
212 S. Jones Blvd.
Las Vegas, NV 89107
Tel (702) 258-8200 Fax (702) 258-8787

4.    For costs of suit; and,

5.    For such other and further relief as this Court may deem just and proper.

DATED this 29th day of October, 2013.

                TIFFANY & BOSCO, P.A.

                /s/ Kevin S. Soderstrom
                _____
                GREGORY L. WILDE, ESQ.
                Nevada Bar No. 4417
                KEVIN S. SODERSTROM, ESQ.
                Nevada Bar No. 10235
                212 S. Jones Blvd.
                Las Vegas NV 89107
                Attorney for Plaintiff